COIRA ET AL., APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Transfer the Record of a Property to a different Registry.

No. 505.—Decided March 31, 1922.

RECORD OF TITLE—HEIRS.—Persons who in the character of heirs execute a public deed for the purpose of obtaining an entry in the registry in connection with a property of their ancestor must show such character either in the deed itself or in an independent document.

ID.—SURVEY.—A certificate of survey of a certain part of the boundary line between two municipalities presented to the registrar together with a deed for the purpose of transferring the record of a property from one registry to another, without anything to show a connection between the survey and the property in question except the mere statement of the parties to the deed, is not sufficient.

ID.—COPY OF DEED—SIGNATURE AND SEAL OF NOTARY.—A copy of a deed presented in the registry must show clearly that the original was signed, marked and sealed by the notary.

The facts are stated in the opinion.
*Mr. V. Polanco de Jesús* for the appellant.
The respondent did not appear.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Guadalupe, Tomasa, José María, Josefa and María Coira appeared before a notary and executed a public document wherein they stated that they and Francisca, Providencia and Antonia Coira were brothers and sisters and the sole and universal heirs of José María Coira who died in San

Juan in 1911, as shown by a certain document of the District Court of Arecibo dated February 10, 1913; that José María Coira was the owner of a rural property which appeared to be situated in the ward of Collores of Barros and therefore was recorded in the Registry of Property of Caguas, when the fact was that a survey of the dividing line. between the municipalities of Barros and Ciales showed that the said property was situated in the ward of Pozas of Ciales and the property, therefore, should be recorded in the Registry of Property of Arecibo. For these reasons they stated in the document that they desired to have the property re- corded in the Arecibo registry and asked the Registrar of Caguas to issue the certificate necessary for that purpose.

The said document was presented in the registry of Caguas, accompanied by a copy of the certificate of survey to which it referred, and the registrar refused to record it, because (1) the parties to it calling themselves heirs did not prove that they were such heirs and all of the alleged heirs were not parties to it; because (2) the certificate of survey did not show clearly the dividing line between Barros and Ciales; because (3) from the copy of the document presented it did not appear that the notary signed and sealed the original, citing the case of *Delannoy* v. *Registrar of Guayama,* 26 P. R. R. 491.

From the registrar's decision the Coira brothers and sisters took the appeal which is now before us for consideration and decision.

1. The property in question is still recorded in the registry of Caguas in the name of José María Coira. The heirs have not recorded their rights. The registrar had before him only a document wherein several persons stated that they, together with others, were the heirs of Coira by virtue of an adjudication made by a competent court. The court's declaration was not copied into the document nor exhibited

to the registrar. Under these circumstances the registrar was justified in refusing to record the document.

2. We have read the certificate of survey. It is lengthy and unintelligible. There were ancient obstacles. In 1834 a survey was made, but the obstructions continued. In 1842 another survey was made, but it seems that the question was still not definitely settled. In 1887 the survey relied upon by the appellants was made. It apparently refers to a part of the dividing line. It only sets out the making of the survey and the incidents and statements in connection therewith. There is nothing to connect the survey with the property in question, except the statement made by the appellants in their document. This being the case, we are of the opinion that the second ground of the decision is well founded.

3. The original document, according to the copy issued by the notary and presented in the registry, concludes as follows: "(Signed) Guadalupe Coira. Tomasa Coira. Josefa Coira. María Coira. José Ma. Coira. José Monserrate Arroyo. Buenaventura Santiago. (My paraph) V. Polanco de Jesús. Canceled I. R. stamp for $1." It appears with sufficient clearness that the notary signed and paraphed the original document. The requisite of the seal only is lacking.

The appellants maintain that inasmuch as it appears that an internal revenue stamp was affixed and canceled, it should be deduced that the notary's seal was also affixed, because the stamp was canceled with the seal. The existence of the notary's signature, paraph and seal should not be left to inference. The third ground as to the failure to affix the seal is therefore well founded.

By reason of all the foregoing the decision appealed from is

*Affirmed.*

. . Justices Wolf, Aldrey and Hutchison concurred.